Per curiam•

The indorsement made at tiie same time wiib the bond, is to be taken as a part of the condition, (vide 2 Term 641. Salk. 498. 6 Mod. 37 ) and the bond is not assignable. A bond for any specific article is not assignable — such a bond in the hands of the assignee, cannot be sued upon by him. Suppose at tiie day appointed for payment, the Defendant liad tendered tiie r.obacco, would it not have been a good tender ? It certainly would, and would have discharged the debt. Until the day of payment then, the Defendant may consider it as a bond for tobacco only. These bonds do not answer the purpose of commerce as money, inasmuch as their value at the day of payment, is not easily ascertained, but is liable to be disputed between the parties and to prod bee delay. They were not rendered negotiable by tiie act of 1786, as money bonds were. It is true, if no tender be made at tiie day, tin* obligee may consider it a« a bond for money only ; but then if the bond is not originally negotiable, it cannot afterwards become, so, for at the time of its creation the obligor did not mean to subject himself to the action of an assignee. Judgment for the Defendants.
Note — Vide Jamieson v. Farr, and the note thereto, ante 182.